ACCEPTED
13-15-00452-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/13/2015 10:43:12 AM
Dorian E. Ramirez
CLERK

## NO. 13-15-00452- CV

## IN THE THIRTEENTH COURT OF APPEALS
## CORPUS CHRISTI-EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/13/2015 10:43:12 AM
DORIAN E. RAMIREZ
Clerk

_____

### SANDEEP PATEL,
*Appellant*

**v.**

### HARBOR HOSPICE OF BEAUMONT, L.P., ET AL,
*Appellees*

_____

On Appeal from the 172nd Judicial District Court of Jefferson County, Texas
Trial Court Cause No. E-192,576
The Honorable Donald J. Floyd, Presiding

_____

### BRIEF OF APPELLANT

_____

**PORTNER ♦ BOND, PLLC**
Chris M. Portner
State Bar No. 24007858
cportner@portnerbond.com
J. Trenton Bond
State Bar No. 00785707
tbond@portnerbond.com
1905 Calder Avenue
Beaumont, Texas 77701
Telephone: (409) 838-4444
Facsimile:  (409) 554-0240

**COUNSEL FOR APPELLANT,
SANDEEP PATEL**

### ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

<u>APPELLANT</u>

Sandeep Patel

<u>APPELLANT'S COUNSEL(S)</u>

Chris M. Portner
State Bar No.: 24007858
cportner@portnerbond.com
J. Trenton Bond
State Bar No.: 00785707
tbond@portnerbond.com
PORTNER ♦ BOND, PLLC
1905 Calder Avenue
Beaumont, Texas 77701
Telephone: (409) 838-4444
Facsimile:  (409) 554-0240

Anthony Malley, III
State Bar No.: 24041382
tony@mallaw.com
MALLEY LAW FIRM, PLLC
905 Orleans, Suite 110
Beaumont, Texas 77701
Telephone: (409) 212-8888
Facsimile:  (409) 212-8002

Jamie Matuska
MATUSKA LAW FIRM
State Bar No.: 24051062
jamie@matuskalaw.com
2809 Highway 69 North
Nederland, Texas 77627
Telephone: (409) 722-5600
Facsimile:  (409) 727-1290

APPELLEE(S)

Harbor Hospice of Beaumont, L.P.
Harbor Hospice Managers, LLC
Arfeen Properties, L.P.
Qamar Arfeen

APPELLEES COUNSEL(S)

David Gaultney
State Bar No.: 07765300
davidgaultney@mehaffyweber.com
MEHAFFYWEBER, P.C.
823 Congress Avenue, Suite 200
Austin, Texas 78701
Telephone: (512) 394-3840
Facsimile:  (512) 394-3860

David E. Bernsen
State Bar No.: 02217500
dbernsen@bernsenlaw.com
Christine L. Stetson
State Bar No.: 00785047
cstetson@bernsenlaw.com
BERNSEN LAW FIRM
420 North MLK, Jr., Pkwy
Beaumont, Texas 77701
Telephone: (409) 212-9994
Facsimile:  (409) 212-9411

Glen W. Morgan
State Bar No.: 14438900
gmorgan@rmqlawfirm.com
John Werner
State Bar No.: 00789720
jwerner@rmqlawfirm.com
REAUD, MORGAN & QUINN, LLP
P.O. Box 26005
Beaumont, Texas 77720-6005
Telephone: (409) 838-1000
Facsimile:  (409) 833-8236

TRIAL COURT

Honorable Donald J. Floyd
Judge Presiding
172nd Civil District Court
Jefferson County Courthouse
1001 Pearl Street
Beaumont, Texas 77701
Telephone: (409) 835-8485

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................i

TABLE OF CONTENTS..................................................................................iv

INDEX OF AUTHORITIES...........................................................................vii

STATEMENT OF THE CASE........................................................................x

ISSUES PRESENTED....................................................................................xi

STATEMENT OF FACTS .............................................................................1

SUMMARY OF ARGUMENT ....................................................................12

ARGUMENT ..............................................................................................15

    I.    The Trial Court Erred in Granting Appellees' Amended
        Motion for Summary Judgment ................................................……...15

        A.  ISSUE ONE:  Appellees Did Not Establish a Statute
            of Limitations Defense as a Matter of Law ..............................16

            1.  Summary Judgment Evidence Establishes Patel
               Was a Partner in Harbor Hospice After June 15,
               2008 ...............................................................……...18

            2.  Appellees Failed to Establish As a Matter of Law
               That Patel Was No Longer a Partner in Harbor
               Hospice On or Before June 15, 2008...................……...20

               a.  The Parker Letter does not terminate
                   Patel's limited partnership interest.............……...20

               b.  Amendment 4 to the partnership agreement
                   was executed on November 10, 2011.........……...22

               c.  Undated Amendment 4 No. 4 ...................................22

d. Appellees failed to establish as a Matter of Law that Patel knew or should have known of any injury on or before June 15, 2008............……….23

e. Patel never testified that his limited partnership interest was terminated, redeemed or transferred to Defendant Arfeen................................................………..24

3. Appellees Failed to Establish as a Matter of Law that Patel's Cause of Action for Conversion and Under the Texas Theft Liability Act Accrued on or Before June 15, 2010 ...........................................……….24

4. Appellees Failed to Conclusively Establish Under the Discovery Rule that Patel Knew or Reasonably Should Have Known That His Interest Was Terminated by June 15, 2008...........…..….26

5. Appellees Failed to Conclusively Negate Patel's Affirmative Defense of Fraudulent Concealment.....................................................………..31

B. ISSUE TWO: The Trial Court Erred in Concluding that No Genuine Issue of Material Fact Exists on Any of Patel's Asserted Claims......................................………..32

1. The trial court erred in granting summary judgment regarding Patel's breach of fiduciary duty claims because the summary judgment evidence raises questions of material fact...............……..…….33

2. The trial court erred in granting summary judgment regarding Patel's breach of contract claim because the summary judgment evidence raises questions of material fact...................................………..36

3. The trial court erred in granting summary judgment regarding Patel's conversion claim because the summary judgment evidence raises questions of material fact................................……..37

4. The trial court erred in granting summary judgment regarding Patel's claim for Texas Theft Liability Act violations because the summary judgment evidence raises questions of material fact ..............................................……..38

5. The trial court erred in granting summary judgment regarding Patel's claim for fraud because Appellees did not seek summary judgment regarding Patel's fraud claim....................……..40

C. <u>ISSUE THREE:</u> The Trial Court Erred in Concluding Appellees Conclusively Established that Patel Did Not Suffer Damages ....................................……..40

D. <u>ISSUE FOUR:</u> The Trial Court Erred in Granting Summary Judgment Because Appellee's Failed to Authenticate Any of Their Summary Judgment Evidence...........................................……..43

E. CONCLUSION and PRAYER for RELIEF ....................................44

CERTIFICATE OF SERVICE ........................................................46

CERTIFICATE OF COMPLIANCE, TEX. R. APP. PROC. 9.4(1)(3) ...................47

APPENDIX

June 18, 2015 Order on Defendants' Amended Motion for Summary Judgment............................................................. TAB A

# INDEX OF AUTHORITIES

## CASES

*Alaniz v. Hoyt,*
   105 S.W.3d 330, 344 (Tex. App. – Corpus Christi 2003, not pet.)...............15

Aquaplex, Inc. v. Rancho La Valencia, Inc.,
   297 S.W.3d 768, 775-776 (Tex. 2009)........................................................42

*Blanche v. First Nationwide Mortg. Corp.*
   74 S.W.3d 444, 451 (Tex. App. Dallas 2002) ............................................44

*Bliss v. NRG Industries,*
   162 S.W.3d 434 (Tex. App. – Dallas 2005, pet. denied) .............................15

*BP America Prod. Co. v. Marshall,*
   342 S.W.3d 59, 67-69 (Tex. 2011).............................................................31

*Dernick Resources, Inc. v. Wilstein,*
   312 S.W.3d 864, 878 (Tex. App.—Houston [1st Dist.] 2009, no pet.)..........31

*Doe v. Boys Club of Greater Dallas, Inc.,*
   907 S.W.2d 472, 476-77 (Tex. 1995)..........................................................16

*Friendswood Dev. Co. v. McDade & Co.,*
   926 S.W.2d 280, 282 (Tex. 1996) ..............................................................15

*Gaddis v. Smith,*
   417 S.W.2d 577, 578 (Tex. 1977) ..............................................................26

*G&H Towing Co. v. Magee,*
   347 S.W.3d 293, 297 (Tex. 2011) ..............................................................40

*Graham Morg. Corp. v. Hall,*
   307 S.W.3d 472, 479 (Tex. App. - Dallas 2010, no pet)..............................33

Groves v. Hanks,
   546 S.W.2d 638, 647 (Tex. Civ. App. Corpus Christi 1976)........................42

*Haas v. George,*
 71 S.W.3d 904, 913 (Tex. App.—Texarkana 2002, no pet.) .........................32

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,*
 289 S.W.3d 844, 848 (Tex. 2009) ...................................................................15

*Messner v. Boon,*
 2015 Tex. App. LEXIS 747, \*30 (Tex. App. Texarkana Jan. 28, 2015) ......17

*Moreno v. Sterling Drug, Inc.,*
 787 S.W.2d 348, 351 (Tex. 1990) ...................................................................26

*Nautilus Training Center No. 2, Inc. v. Seafirst Leasing Corp.,*
 647 S.W.2d 344, 346-47 (Tex. App. – Corpus Christi 1982, no writ)..........16

*Qaddura v. Indo-European Foods, Inc.,*
 141 S.W.3d 882, 888-890 (Tex. App. Dallas 2004).......................................41

*Punts v. Wilson,*
 137 S.W.3d 889, 891 (Tex. App. Texarkana 2004) .......................................42

*Rhone-Poulenc, Inc. v. Steel,*
 997 S.W.2d 217, 223 (1999)............................................................................16

*Santanna Natural Gas v. Hamon Operations,*
 954 S.W.2d 885, 890-891 (Tex. App.—Austin 1997, pet. denied).........17, 31

*Schneider Nat'l Carriers, Inc. v. Bates,*
 147 S.W.3d 264, 279 (Tex. 2004) ..................................................................21

*Shell Oil Co. v. Ross,*
 356 S.W.3d 924, 927 (Tex. 2011) ..................................................................31

*S.V. v. R.V.,*
 933 S.W.2d 1, 4 (Tex. 1996) .....................................................................26, 27

*Willis v. Maverick,*
 760 S.W.2d 642, 646 (Tex. 1988) ..................................................................26

## RULES

Tex. R. Civ. P. 166a ................................................................................................ 15

Tex. R. Civ. P. 166a(c) ........................................................................................... 15

## STATEMENT OF THE CASE

This is an appeal by Plaintiff Sandeep Patel ("Patel") from a motion for summary judgment granted in favor of Appellees, disposing of all of Patel's claims against Appellees in a lawsuit for fraud, breach of contract, breach of fiduciary duty, conversion, for violations of the Texas Theft Liability Act, and for declaratory relief.

## ISSUES PRESENTED

1. **Issue One**: The trial court erred in granting summary judgment based upon Appellees' affirmative defense of statute of limitations because the summary judgment evidence raises questions of material fact.

2. **Issue Two**: The trial court erred in granting summary judgment upon all Appellees' alleged causes of action because the summary judgment evidence raises questions of material fact regarding the merits of each alleged claim.

   a. The trial court erred in granting summary judgment regarding Patel's breach of fiduciary duty claim because the summary judgment evidence raises questions of material fact.

   b. The trial court erred in granting summary judgment regarding Patel's breach of contract claim because the summary judgment evidence raises questions of material fact.

   c. The trial court erred in granting summary judgment regarding Patel's conversion claim because the summary judgment evidence raises questions of material fact.

   d. The trial court erred in granting summary judgment regarding Patel's violations of the Texas Theft Liability Act claim because the summary judgment evidence raises questions of material fact.

   e. The trial court erred in granting summary judgment regarding Patel's claim for fraud because Appellees did not seek summary judgment regarding Patel's fraud claim.

6. **Issue Three**: The trial court erred in granting summary judgment and finding that Patel did not suffer damages because the summary judgment evidence raises questions of material fact.

7. **Issue Four:** The trial court erred in granting summary judgment because Appellees' failed to authenticate any of their summary judgment evidence.

Patel and Qamar Arfeen ("Arfeen") were limited partners in Harbor Hospice of Beaumont, LP ("Harbor Hospice"). (C.R. 42-88). The general partner of Harbor Hospice is Harbor Hospice Managers, LLC. (C.R. 84, 87, 126-129, 135-140, 171-203).

Patel received a 3% Class A Limited Partnership Interest in Harbor Hospice of Beaumont, LP in 2005. (C.R. 79, 83) Several amendments were allegedly then made to the Harbor Hospice Limited Partnership Agreement (the "Partnership Agreement"). (C.R. 126 - 129, 135- 140, 171 - 203). Patel's Class A Limited Partnership Interest in Harbor Hospice was increased to 6% in Amendment No. 2 to Agreement of Limited Partnership of Harbor Hospice. (C.R. 176-180).

At some point, the Appellees' decided to implement a plan for Arfeen to improperly take possession of Patel's limited partnership interest in Harbor Hospice. Appellees' had several options about how to try to take possession of Patel's limited partnership interest. First of all, Harbor Hospice could attempt to terminate Patel's limited partnership interest for alleged wrongful conduct and forfeit the limited partnership interest back to the partnership. If this occurred, Patel's limited partnership interest would be returned to the partnership and all of the partners would benefit on a pro-rata basis. Secondly, Harbor Hospice could attempt to redeem Patel's interest. If this occurred, Patel's interest would be

returned to the partnership and all of the partners would benefit on a pro-rata basis. Finally, Arfeen could seek to acquire Patel's interest directly from Patel and transfer the shares to Arfeen. However, if Arfeen acquired Patel's limited partnership interest directly, he would have to pay Patel the fair value for the shares.

Apparently, none of these options were appealing to Arfeen. Therefore, instead of complying the terms of the Partnership Agreement, Appellees decided to wrongfully transfer Patel's limited partnership interest to Arfeen, to pay Patel nothing, to not inform Patel that the transfer occurred, and to ultimately create false documents in an effort to conceal this improper transaction.

### *Arfeen Wrongfully Took Possession of Patel's Limited Partnership Interest*

In Appellees' Amended Motion for Summary Judgment, Appellees' assert that Patel's Limited Partnership Interest was terminated or redeemed by Harbor Hospice. However, in reality, Patel's Limited Partnership Interest was not redeemed, terminated or otherwise returned to Harbor Hospice in any manner. It was improperly transferred directly to Arfeen. This improper transfer was made without consideration and without ever informing Patel. Appellees failed to produce summary judgment evidence demonstrating that Patel was ever informed that his limited partnership interest in Harbor Hospice was transferred directly to Arfeen.

2

The Harbor Hospice General Ledger for the year 2009 conclusively establishes that Patel's limited partnership interest was transferred directly to Arfeen. (C.R. 204 - 206). The 2009 General Ledger states:

> 01/01/09 "**Transfer of 2008 partnership interest from Chaudhury & Patel to Arfeen**". (C.R. 204 - 205) ("*emphasis added*").

Clearly, if Patel's limited partnership interest was transferred directly to Arfeen, then Patel's limited partnership interest could not have been terminated, forfeited, or redeemed.

The transfer of Patel's limited partnership interest is explained in an e-mail dated April 6, 2009 from Harbor Hospice's accountant, Monica Surratt:

> Paul pointed out that Sandeep Patel & Trip Chaudhury were included in the Due from Partners account. Since both of them are out as of 1/1/08, what should I do with these balances?
>
> **Since the partnership did not buy their interest back (it was transferred to Qamar instead of re-allocated among the other partners)**, then any purchase/payment should have happened outside of the partnership. (C.R. 207)("*emphasis added*").

After the direct transfer of Patel's limited partnership interest to Arfeen, Harbor Hospice filed Form 8308, Report of a Sale or Exchange of Certain Partnership Interests ("Form 8308") with the Internal Revenue Service. (C.R. 208). Form 8308 was filed with the Internal Revenue Service on April 7, 2009. (C.R. 209). In Form 8308, Harbor Hospice informed the Internal Revenue Service,

3

under penalty of perjury, that Patel's limited partnership interest in Harbor Hospice was transferred directly to Arfeen. (C.R. 208)

These documents clearly establish that Patel's limited partnership interest was transferred directly from Patel to Arfeen. Unfortunately, the Appellees never informed Patel that his interest was transferred to Arfeen. This is not disputed. Ultimately, Arfeen transferred Patel's limited partnership interest in Harbor Hospice to Arfeen Properties, LP. (C.R. 193-198). There is no summary judgment evidence suggesting that Patel was ever informed that his limited partnership interest was transferred to Arfeen and then to Arfeen Properties, LP.

***Patel's Limited Partnership Interest in Harbor Hospice Was Never Terminated***

Section 10.2 of the Harbor Hospice Partnership Agreement provides:

> **<u>All of the general partners may unanimously terminate the interest of a limited partner and expel him</u>**(a) for interfering in the management of the partnership affairs or otherwise engaging in conduct which could result in the partnership losing its tax status as a partnership, (b) if the conduct of a limited partner brings the partnership into disrepute, or (c)**<u>for failing to meet any commitment to the partnership or manager in accordance with any written undertaking signed by such limited partner, but the general partners shall not be required to so terminate.</u>** In each of the foregoing events, the expulsion and termination may, in the sole discretion of the general partners in order to compensate for any damages caused to the partnership, result in a forfeiture to the partnership of all or a portion of the value of the partnership interest of the expelled partner at the time of such expulsion or termination. (C.R. 62)("emphasis added").

There is no summary judgment evidence to establish that the general partners of Harbor Hospice unanimously terminated Patel's interest as required by Section 10.2 of the Harbor Hospice Partnership Agreement. The general partner of Harbor Hospice is Harbor Hospice Managers, LLC. (C.R. 84, 87, 126-129, 135-140, 171-203). There is no summary judgment evidence that Harbor Hospice Managers, LLC ever took any action to terminate the interest of Patel.

Furthermore, there is no summary judgment evidence to establish that Patel's Limited Partnership Interest in Harbor Hospice was ever terminated. No witness testimony alleges Patel's limited partnership interest in Harbor Hospice was ever terminated. No document establishes that Patel's limited partnership interest in Harbor Hospice was ever terminated. The only summary judgment evidence that even mentions termination is a letter dated March 4, 2008 to Patel from Maggie Parker (the "Parker Letter"). (C.R. 121-125).[1]

When presented with a copy of this letter in his deposition and a copy of the green card showing his wife's signature evidencing receipt of the letter, Patel acknowledged his wife's signature and receipt as evidenced by the documents. (C.R. 94-95). However, Patel did not recall seeing the letter or whether his wife brought the letter to his attention; he further testified that his wife handled their

---

[1] The Parker Letter attached to Defendants' Amended Motion for Summary Judgment is missing the second page. However, the full letter is in the Defendant's original motion for summary judgment filed as a supplemental clerk's record in this Court

financials and that he was certain that his wife or his accountant would have taken care of it after receiving the letter. (C.R. 97, 98). Appellees presented no summary judgment evidence conclusively establishing that Patel failed to comply with Parker's request for financials.[2]

Additionally, Appellees presented no summary judgment evidence that Harbor Hospice's general partner took any action against Patel's interest as a result of any alleged noncompliance with the letter. Although the Parker Letter clearly threatens termination if certain conduct did not occur, it does not provide any evidence whatsoever that the termination actually occurred. Furthermore, the Parker letter does not provide any evidence that the general partner of Harbor Hospice unanimously terminated the interest of Patel and expelled him. The Parker Letter was a threat and nothing more. There is no summary judgment evidence that the general partner took any action to terminate Patel's limited partnership interest and expel him after the Parker Letter.

*Patels' Limited Partnership Interest in Harbor Hospice Was Never Redeemed*

Section 8.5 provides:

(a) The partnership interests of all limited partners are **subject to redemption by the partnership** at the election of the general partners. **In the event the general partners make such an**

---

[2] The only arguably controverting evidence that Appellees submitted was the inconclusive deposition testimony of Joe Chapman wherein he testified that he was aware there were some issues with getting partners to provide financials to the bank prior to the refinance, and speculated, but could not say for certain, that Patel failed to provide financials. (C.R. 117)

**election, the general partners shall provide the limited partner whose partnership interest is to be redeemed (the "Redeemed Partner") with a least sixty days' prior written notice of the redemption**.

    (b) The purchase price of the Redeemed Partner's LPI shall equal the balance of the Redeemed Partner's capital account established under Section 5.1 hereof, determined as of the end of the calendar month immediately preceding the month in which the closing of the redemption transaction takes place.  (C.R. 57-58)("*emphasis added*").

The summary judgment record establishes that the general partners failed to provide sixty days prior written notice of redemption to Patel.  Therefore, Section 8.5 of the Harbor Hospice Partnership Agreement does not apply.  The only summary judgment evidence that was ever allegedly sent to Patel was the Parker Letter.  The Parker Letter (i) does not address redemption, (ii) does not provide 60 days notice of anything (the deadline in the letter actually passed before the letter was received), (iii) threatens termination, and (iv) does not even mention the general partner, Harbor Hospice Managers, LLC.  Patel's interest was not redeemed in compliance with Section 8.5 of the Harbor Hospice Partnership Agreement.  Most importantly, Appellees have failed to establish that Patel's limited partnership interest was actually redeemed by the partnership or the date of the alleged redemption.  Instead of redeeming Patel's limited partnership interest to the partnership, Appellees decided to transfer Patel's limited partnership interest directly to Arfeen.

7

*The Coverup*

Though Appellees contend Patel's partnership interest was "forfeited" before June 15, 2008, several significant documents contradict their contentions. A Harbor Hospice Balance Sheet dated December 31, 2008 establishes that Patel was still a limited partner as of that date. (C.R. 217). A Harbor Hospice General Ledger from 2009 establishes that Arfeen wrongfully took possession of Patel's limited partnership interest in 2009. (C.R. 204-206).

An email from Harbor Hospice's accountant, Monica Surratt, from April of 2009 confirms Arfeen's improper direct transfer stating, "[s]ince the partnership did not buy their interest back (it was transferred to Qamar instead of reallocated among the other partners), then any purchase/payment should have happened outside of the partnership."[3] (C.R. 207). Arfeen's improper transfer is further evidenced by Harbor Hospice's 8309 Form filed with the Internal Revenue Service stating that Patel's limited partnership interest in Harbor Hospice was transferred directly to Arfeen. (C.R. 208). Though the form states the limited partnership interest was transferred as of 1/1/08 that date is inconsistent with the balance sheet

---

[3] Arfeen's improper transfer is further confirmed by Harbor Hospice's 8309 Form filed with the Internal Revenue Service stating that Patel's limited partnership interest in Harbor Hospice was transferred directly to Arfeen. (C.R. 208).

and general ledger, and the form does not appear to have been prepared until April of 2009. (C.R. 207, 209).

In 2011, apparently Appellees realized that they had not completed an appropriate paper trail regarding this improper transaction. The Partnership Agreement had never been amended to reflect Arfeen's wrongful acquisition of Patel's limited partnership interest. Therefore, Appellees created two different Amendment No. 4's to Agreement of Limited Partnership of Harbor Hospice. (C.R. 126-129, 135-140). One of the Amendment No. 4's is dated November 10, 2011 (the "Dated Amendment No. 4"). (C.R. 135-140). The Dated Amendment No. 4 states:

(1) Section 12.2(a) of the Partnership Agreement provides that each limited partner authorizes and empowers the general partners to amend the Partnership Agreement;

(2) The General Partner has elected to redeem the limited partner interests of Triptesh Chaudhury and Sandeep Patel in accordance with Section 8.5 of the Partnership Agreement;

(3) The General Partner desires to amend the Partnership Agreement to adjust the limited partnership percentages following the effective date of the redemption;

(4) The effective date of the redemption shall be January 1, 2008;

(5) Exhibit "A" to the Partnership is hereby amended so that from and after the effective date, the limited partners and their respective interest in the partnership shall be as set forth in such exhibit; and

(6) Exhibit "A" appears to reflect all Class C Limited Partners.

9

The other Amendment No. 4 (the "Undated Amendment No. 4") states an effective date but does not state the date it was executed. (C.R. 126-129). The Undated Amendment No. 4 states:

(1) The same information set forth in (1) – (5) from the Dated Amendment No. 4 above;

(2) The document is not dated but states that it was "EXECUTED to be effective as of the 1st day of January, 2008"; and

(3) Exhibit "A" does not reflect the Class C Limited Partners. (C.R. 126-129).

The inconsistencies in the two amendment No. 4's evidence a blatant attempt to cover up the improper transfer. The second Amendment No. 4 deletes the November 10, 2011 date of execution and deceptively attempts to make the amendment effective as of January 1, 2008, nearly four years earlier, without stating that the document was actually executed in 2011. (C.R. 126-129, 135-140). Regardless of Appellees' futile attempt to legally effectuate Arfeen's improper transfer, there is no summary judgment evidence indicating that the Limited Partnership Agreement of Harbor Hospice was amended to remove Patel before November 10, 2011. (C.R. 135 - 140).

Both Amendment 4's state that Patel's interest was redeemed. (C.R. 126-129, 135-140). Both Amendment 4's are inconsistent with the 2009 General Ledger of Harbor Hospice, the 2008 Tax Return of Harbor Hospice (including Form 8308), and the notes of the accountant of Harbor Hospice. (C.R. 204 - 206,

10

C.R. 208, and C.R. 207). The Dated Amendment No. 4 was created nearly four years after the alleged transfer. It is unclear when the Undated Amendment 4 was created. When confronted with the conflicting Amendment 4's, the Harbor Hospice representative designated to testify regarding the alleged termination of Patel's ownership interest in Harbor Hospice stated that he was concerned that someone might have done something unethical, immoral or illegal. (C.R. 212-213).

### *Appellees persuade the trial court to grant summary judgment*

Appellees' Amended Motion for Summary Judgment did not seek summary judgment on no-evidence grounds. Instead, Appellees sought to establish as a matter of law that (i) Patel's claims are barred by the statute of limitations, (ii) there was no genuine issue of material fact as to Patel's claims for breach of partnership, breach of fiduciary duty, conversion, or Texas Theft Liability Act violations, and (iii) there was no genuine issue of material fact as to damages. (C.R. 26-141). Patel responded with evidence establishing that Appellees did not meet their burden of proof under any of these theories and by establishing that fact issues existed that precluded summary judgment. (C.R. 145-238 and C.R. 248-254). On April 29, 2015, a hearing was held on Appellees' Amended Motion for Summary Judgment. (C.R. 291). The summary judgment motion was taken under advisement. (C.R. 291). On June 18, 2015, the trial court granted Appellees'

Amended Motion for Summary Judgment. (C.R. 255). Patel then submitted a Motion for New Trial that was denied. (C.R. 256-282, C.R. 283). This appeal followed. (C.R. 287-288).

## SUMMARY OF THE ARGUMENT

Appellees have not established that they are entitled to summary judgment as a matter of law on any ground. Appellees sought to establish as a matter of law that (i) Patel's claims are barred by the statute of limitations, (ii) there was no genuine issue of material fact as to Patel's claims for breach of partnership, breach of fiduciary duty, conversion, or Texas Theft Liability Act violations, and (iii) there was no genuine issue of material fact as to damages. However, facts issues exist regarding each and every ground on which Appellees moved for summary judgment.

In support of their affirmative defense of statute of limitations, Appellees claimed they could prove as a matter of law that Patel's claims for (i) breach of fiduciary duty, breach of partnership, fraud and declaratory relief accrued on or before June 15, 2008 (4 years before suit was filed), and (ii) conversion and Texas Theft Liability Act violations accrued before June 15, 2010 (2 years before suit was filed). However, Appellees failed to meet their burden of proof. Furthermore, Patel presented summary judgment evidence that establishes that Patel's claims for breach of fiduciary duty, breach of partnership, fraud and declaratory relief accrued

12

after June 15, 2008 and that Patel's claims for conversion and Texas Theft Liability Act violations accrued after June 15, 2010. Accordingly, Appellees failed to prove their statute of limitations defense as a matter of law and the trial court should have denied Appellees' Amended Motion for Summary Judgment based upon Appellees' statute of limitations defense.

Appellees also claimed that their conduct was proper under the Partnership Agreement and Texas law and therefore no genuine issue of material fact existed regarding Patel's claims for breach of fiduciary duty, breach of contract, conversion or violations of the Texas Theft Liability Act. Appellees argument is premised solely on the claim that Patel's partnership interest was terminated or redeemed by Harbor Hospice. However, the summary judgment evidence clearly demonstrates that Patel's interest was not terminated or redeemed. Patel's limited partnership interest was improperly transferred directly to Arfeen. Not only did Appellees improperly transfer Patel's limited partnership interest to Arfeen, they did so without informing Patel, without complying with the terms of the Partnership Agreement, and did not provide Patel any compensation for this limited partnership interest. Accordingly, Appellees failed to establish as a matter of law that no genuine issue of material fact existed regarding Patel's claims for breach of fiduciary duty, breach of contract, conversion or violations of the Texas Theft Liability Act.

Additionally, Appellees claimed that no genuine issue of material fact existed regarding Patel's claim for damages for any cause of action. Appellees allege that pursuant to the Partnership Agreement, a partner that leaves the partnership either voluntarily or through expulsion leaves with nothing more than his capital account. However, the provisions cited by Appellees do not apply to an improper transfer from Patel directly to Arfeen. Moreover, a fact issue exists regarding Patel's capital account balance. Therefore, Appellees failed to prove that no genuine issue of material fact existed regarding Patel's claim for damages for any cause of action.

Finally, Appellees failed to authenticate any of their summary judgment evidence. No affidavit was attached to Appelles' Amended Motion for Summary Judgment attempting to authenticate any of the summary judgment evidence. Accordingly, Appellees' summary judgment evidence was not authenticated and should not have been admissible as summary judgment evidence.

For all of these reasons, the trial court's judgment should be reversed.

**I. The Trial Court Erred in Granting Appellees' Amended Motion for Summary Judgment.**

The function of summary judgment procedure is not to deprive litigants of their right to a full hearing on the merits of fact issues or their right to a jury trial. *See* Tex. R. Civ. P. 166a; *see also Alaniz v. Hoyt,* 105 S.W.3d 330, 344 (Tex. App. – Corpus Christi 2003, not pet.). The goal of the summary judgment procedure is the elimination of patently unmeritorious claims or unmeritorious defenses and the summary termination of a case when it clearly appears there are no issues of fact. *See Bliss v. NRG Industries,* 162 S.W.3d 434 (Tex. App. – Dallas 2005, pet. denied).

Appellate courts review a trial court's grant of summary judgment under a de novo standard of review. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, the movant must prove that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law[.]" Tex. R. Civ. P. 166a(c). Therefore, when a defendant moves for summary judgment, he must either disprove at least one essential element of each theory of recovery pleaded by the plaintiff, or he must plead and conclusively prove each essential element of an affirmative defense. *See Friendswood Dev. Co. v. McDade*

*& Co.,* 926 S.W.2d 280, 282 (Tex. 1996); *Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472, 476-77 (Tex. 1995).

"If there is any genuine issue of material fact, a motion for summary judgment must be denied." *Nautilus Training Center No. 2, Inc. v. Seafirst Leasing Corp.,* 647 S.W.2d 344, 346-47 (Tex. App. – Corpus Christi 1982, no writ). In determining whether Appellee met its summary judgment burden, this Court must resolve every reasonable inference in favor of Patel, resolve all doubts in favor of Patel, and take all evidence favorable to Patel as true. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d at 223 (1999).

**A.    ISSUE ONE: Appellees Did Not Establish a Statute of Limitations Defense as a Matter of Law.**

Appellees did not establish their statute of limitations defense as a matter of law. In their Amended Motion for Summary Judgment, Appellees relied upon the affirmative defense of statute of limitations. (C.R. 31-33). Appellees alleged that they had uncontroverted evidence that Patel knew or should have known of any alleged injuries before June 15, 2008 (4 years before suit was filed) for breach of fiduciary duty, breach of partnership, and fraud claims and before June 15, 2010 (2 years before suit was filed) for the alleged conversion and Texas Theft Liability Act violations. (C.R. 31-33). Appellees failed to address Patel's claim for declaratory relief in their Amended Motion for Summary Judgment based upon

16

statute of limitations or any other theory. Therefore, summary judgment disposing of the declaratory judgment action was improper.

In order to prevail on a statute of limitations claim, Appellees had to (1) conclusively prove that Patel's cause of action accrued before the commencement of the statute of limitations period, and (2) negate the discovery rule by proving as a matter of law that there was no genuine issue of material fact about when Patel discovered, or in the exercise of reasonable diligence should have discovered the injury. *See Messner v. Boon*, 2015 Tex. App. LEXIS 747, *30 (Tex. App. Texarkana Jan. 28, 2015). Furthermore, Appellees had to negate Patel's claim of fraudulent concealment. *See Santanna Natural Gas v. Hamon Operations*, 954 S.W.2d 885, 890-891 (Tex. App.--Austin 1997, pet. denied). Appellees failed to establish any of these points as a matter of law.

Appellees failed to establish as a matter of law that Patel's limited partnership interest was terminated or otherwise transferred on or before June 15, 2008. Significantly, Appellees have not conclusively established when Patel's limited partnership interest was taken from him, whether by termination, redemption, forfeiture, or improper transfer. Viewing all evidence in the light most favorable to the non-movant, Patel, and resolving all reasonable inferences in his favor, the improper transfer does not appear to have occurred until sometime in 2009 and does not appear to have been legally effectuated through amendment of

the Partnership Agreement until 2011. Further, Appellees failed to establish as a matter of law that Patel discovered or in the exercise of reasonable diligence should have discovered the injury on or before June 15, 2008. In addition to having failed to conclusively establish that Patel's interest was terminated or otherwise transferred before June 15, 2008, Appellees likewise failed to establish their statute of limitations defense as a matter of law because of the discovery rule and because of Appellees' fraudulent concealment.

**1. Summary Judgment Evidence Establishes Patel Was a Partner in Harbor Hospice After June 15, 2008**

The following chart clearly demonstrates the timeline of events in this matter:

| DATE | Description of Document |
|---|---|
| March 4, 2008 | Maggie Parker Threatening Letter (does not establish anything for statute of limitations purposes)(C.R. 121-125) |
| ******* **4 year statute – June 15, 2008** ******* | |
| December 31, 2008 | Harbor Hospice Balance Sheet (C.R. 217-219). This balance sheet establishes that as of 12/31/08, Patel was still a limited partner in Harbor Hospice. |
| January 1, 2009 | 2009 General Ledger of Harbor Hospice (C.R. 204-206). The 2009 General Ledger establishes that Patel was still a limited partner on January 1, 2009. |

18

**\*\*\*\*\*\*\* 2 year statute – June 15, 2010  \*\*\*\*\*\*\***

November 10, 2011          Amendment 4 to the Partnership Agreement (C.R. 135-140).  This document establishes that Patel was still a limited partner in Harbor Hospice until November 10, 2011.

As set forth above, the following documents demonstrate that Patel was still a partner after June 15, 2008:

(a)  Dated Amendment No. 4 dated November 10, 2011 (C.R. 135-140). This document establishes that Patel was still a limited partner in Harbor Hospice until November 10, 2011.

(b)  Harbor Hospice Balance Sheet as of December 31, 2008 (C.R. 217 - 219).  This balance sheet establishes that as of December 31, 2008, Patel was still a limited partner in Harbor Hospice.

(c)  2009 General Ledger of Harbor Hospice (C.R. 204 - 206).  The 2009 General Ledger establishes that Patel was still a limited partner on January 1, 2009.

There are multiple documents in the summary judgment record that indicate Patel was still a Limited Partner as of June 15, 2008 and remained a Limited Partner for a period of time after that date.  Therefore, Appellees failed to establish as a matter of law that they are entitled to judgment on Patel's claims for breach of fiduciary duty, breach of the Partnership Agreement and Fraud, under their statute of limitations defense.  The trial court should have denied summary judgment on limitations grounds based on these documents alone. Nevertheless, even considering the remainder of Appellees' arguments and evidence on this issue, Appellees' failed to establish their limitations defense as a matter of law.

19

**2. Appellees Failed To Establish As a Matter of Law That Patel Was No Longer a Partner in Harbor Hospice On Or Before June 15, 2008**

The evidence relied upon by Appellees was insufficient to justify summary judgment. Appellees relied upon the following exhibits to establish their statute of limitations defense (i) the Parker Letter (C.R. 121 - 125), (ii) the Certified Mail Receipt for the Parker Letter dated March 29, 2008 (C.R. 134), (iii) the Dated Amendment No. 4 (C.R. 135 - 140), (iv) the Undated Amendment No. 4 (C.R. 126 - 129), and (v) deposition excerpts from Patel (C.R. 89 - 100).

**a. The Parker Letter does not terminate Patel's limited partnership interest**

The Parker Letter does not terminate Patel's limited partnership interest. Therefore, the Parker Letter is of no significance for statute of limitations purposes. The letter is dated March 4, 2008 and was signed for by Patel's wife on March 29, 2008. (C.R. 134). The Parker Letter was a threat and nothing more. **Further, in order to terminate Patel's limited partnership interest pursuant to Section 10.2 of the Partnership Agreement of Harbor Hospice, the general partners had to unanimously terminate Patel's limited partnership interest and expel him. (C.R. 62). The summary judgment record does not contain any evidence that the general partner ever terminated Patel's interest in Harbor Hospice**.

20

The Parker Letter is not sufficient to trigger the statute of limitations to begin to run. "Generally, a cause of action accrues when facts exist that authorize a plaintiff to seek judicial relief." *See Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 (Tex. 2004). The Parker Letter, without further action by the general partner of Harbor Hospice, was not sufficient to authorize a plaintiff to seek judicial relief. Therefore, for statute of limitations purposes, the Parker Letter is meaningless.

In Appellees' Amended Motion for Summary Judgment, Appellees assert that the Parker Letter was a "notice of forfeiture". (C.R. 31). However, this statement is clearly incorrect and demonstrates why Appellees failed to meet their summary judgment burden to establish that Patel was on actual notice of the loss of his interest. **The Parker Letter never states that Patel's limited partnership interest had been forfeited**. Because the Parker Letter was nothing but a threat, an additional act had to occur to put Patel on notice of his alleged loss before June 15, 2008. Clearly, this additional act did not occur.

Additionally, Appellees argue in their Amended Motion for Summary Judgment that Patel ignored the letter. (C.R. 29). However, Appellees failed to establish as a matter of law that Patel did not comply with the letter. Patel testified in his deposition that he did not recall whether his wife brought the letter to his attention, that his wife handled the financials, and that whatever was required he

21

was certain his wife, or his accountant, would have taken care of it. (C.R. 97). Chapman was only able to speculate that Patel had not complied with this obligation, but admitted that he could not say for sure. (C.R. 117). Appellees argument that the Parker letter put Patel on notice that his interest may be terminated, or a duty to investigate, is based on the inconclusive and undocumented assumption that he did not comply with its request. Finally, even if the Parker letter was sufficient to give rise to a duty to investigate further – and it was not – had Patel obtained a copy of the partnership agreement and all its amendments at that time, it would not have evidenced a termination of his interest. Thus, the Parker Letter is of no consequence.

### b. Amendment 4 to the partnership agreement was executed on November 10, 2011

According to the Dated Amendment No. 4, the Appellees had not taken any action to take Patel's limited partnership interest until November 10, 2011. (C.R. 135-140). This is less than one year before Patel filed his lawsuit. The Dated Amendment No. 4 was enough to create a fact issue by itself regarding Appellees' statute of limitations claim.

### c. Undated Amendment 4 No. 4.

The Undated Amendment No. 4 that is effective January 1, 2008 does not establish a date that Patel's cause of action accrued. (C.R. 126 - 129). The Undated Amendment No. 4 gives no indication of when it was prepared.

Furthermore, the Undated Amendment No. 4 is inconsistent with the Dated Amendment No. 4. Finally, there is no summary judgment evidence that Undated Amendment No. 4 was ever provided to Patel. Clearly Appellees failed to establish as a matter of law that Patel's cause of action accrued prior to June 15, 2008.

### d. Appellees failed to establish as a Matter of Law that Patel knew or should have known of any injury on or before June 15, 2008

If Harbor Hospice Managers, LLC terminated, forfeited, redeemed or otherwise transferred Patel's interest in Harbor Hospice, it would have been required to notify Patel pursuant to Section 12.2(b) of the Harbor Hospice Partnership Agreement. (C.R. 66-67). Harbor Hospice Managers, LLC failed to do so. Furthermore, Section 3.4 of the Harbor Hospice Partnership Agreement required Harbor Hospice to secure Patel's initials on Exhibit "A" to the Partnership Agreement if his partnership interest was changed or deleted. (C.R. 45). Finally, Section 13.4 of the Harbor Hospice Partnership Agreement clearly provides that no modification, waiver of termination of the Agreement shall be effective unless made in a writing signed by parties sought to be bound thereby. (C.R. 68).

Appellees failed to take any of these actions. These safeguards were in place to make sure that a limited partner would be placed on notice if his interest was changed or deleted. Patel could reasonably rely upon the Appellees to comply

23

with the partnership agreement and provide him with the notice required under the partnership agreement if his interest was taken from him in any manner. Furthermore, Patel could reasonably rely upon the Appellees to comply with the Partnership Agreement and secure Patel's signature before any effort was made to modify the Partnership Agreement.

### e. Patel never testified that his limited partnership interest was terminated, redeemed or transferred to Defendant Arfeen

Appellees' claim that Patel was on notice of his impending expulsion and that Patel simply choose to ignore the notification and warning. (C.R. 32). However, these assertions are not supported by the summary judgment evidence and are certainly not supported by the testimony of Patel. (C.R. 89 - 100).

### 3. Appellees Failed to Establish as a Matter of Law that Patel's Cause of Action for Conversion and Under the Texas Theft Liability Act Accrued on or Before June 15, 2010

Appellees' claim that Patel's causes of action for conversion and for violations of the Texas Theft Liability Act accrued before June 15, 2010 and that Patel knew or should have known that his cause of action for conversion and under the Theft Liability Act accrued before June 15, 2010. However, Appellees failed to establish as a matter of law that Patel's cause of action for conversion or under the Theft Liability Act accrued on or before June 15, 2010. As set forth above, the Dated Amendment 4 to the partnership agreement dated November 10, 2011 (C.R.

24

135-140) is summary judgment evidence that Patel was still a limited partner in Harbor Hospice until November 10, 2011.

Appellees alleged that simple due diligence would have revealed the alleged harm after Patel's receipt of the Parker Letter. (C.R. 32). However, if Patel had reviewed that Partnership Agreement and all amendments thereto between 2008 and November 20, 2011, it appears he would have been listed as a partner. (C.R. 42 -88, 135-140, 171-185). Appellees have failed to establish as a matter of law that Patel could have discovered he was not a partner by reviewing the Partnership Agreement and amendments thereto.

Furthermore, if Harbor Hospice Managers, LLC terminated, forfeited, redeemed, or otherwise transferred Patel's interest in Harbor Hospice, it would have been required to notify Patel pursuant to Section 12.2(b) of the Harbor Hospice Partnership Agreement. (C.R. 66-67). Harbor Hospice Managers, LLC failed to do so. Section 3.4 of the Harbor Hospice Partnership Agreement required Harbor Hospice to secure Patel's initials on Exhibit "A" to the Partnership Agreement if his partnership interest was changed or deleted. (C.R. 45). This did not occur. Section 13.4 of the Harbor Hospice Partnership Agreement clearly provides that no modification, waiver of termination of the Agreement shall be effective unless made in a writing signed by parties sought to be bound thereby. (C.R. 68). This also did not occur.

Appelleees failed to take any of these actions. These safeguards were in place to make sure that a limited partner would be placed on notice if his interest was changed or deleted. Patel could reasonably rely upon the Appellees to comply with the partnership agreement and provide him with the notice required under the Partnership Agreement and secure his signature if his interest was taken from him in any manner.

**4. Appellees Failed to Conclusively Establish Under the Discovery Rule that Patel Knew or Reasonably Should Have Known That His Interest Was Terminated by June 15, 2008.**

The discovery rule defers the time a cause of action accrues, and the limitation period begins, for certain types of tort cases. This deferral of accrual is an exception to the general rule under which a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Under the discovery rule, the limitation period starts running from the date the injury is actually discovered or the date when the injury should have been discovered if the plaintiff had exercised reasonable diligence, whichever is earlier. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990); *Willis v. Maverick*, 760 S.W.2d 642, 646 (Tex. 1988); *Gaddis v. Smith*, 417 S.W.2d 577, 578 (Tex. 1977). The discovery rule applies to cases in which the nature of the injury is inherently undiscoverable and the

evidence of injury is objectively verifiable. Both of these circumstances exist in this case. Injuries arising from a breach of fiduciary duty are considered inherently undiscoverable. *S.V.*, 933 S.W.2d at 8.

Appellees failed to establish as a matter of law that there was no genuine issue of material fact that Patel discovered, or in the exercise of reasonable diligence should have discovered the injury before June 15, 2008. Appellees also failed to establish as a matter of law that there was no genuine issue of material fact that Patel discovered, or in the exercise of reasonable diligence should have discovered the injury before June 15, 2010. Significantly, Appellees have failed to conclusively establish the date the injury accrued, which should defeat summary judgment on limitations in and of itself.

The only document that Appellees are relying upon to establish that Patel discovered or should have or in the exercise of reasonable diligence should have discovered the injury before June 15, 2008 is the Parker Letter. As explained above, the Parker Letter was a threat and nothing more and did not put Patel on notice that his interest was terminated.

Moreover, generally, a party who is owed a fiduciary duty is relieved of the responsibility of diligent inquiry into the fiduciary's conduct as long as the relationship exists. *Id.* Patel was reasonably entitled to rely upon Sections 3.4, 12.2(b), and 13.4 of the Partnership Agreement and (i) he should have received

27

notice promptly after Appellees allegedly terminated his interest, and (ii) his written signature was required before the Partnership Agreement could be modified to transfer his interest. Since Appellees failed to comply with Sections 3.4, 12.2(b), and 13.4 of the Partnership Agreement, the injury was inherently undiscoverable (the transfer may also be void).

Finally, there is clearly a fact issue based upon the summary judgment record that well after June 15, 2008, Patel was still the owner of his limited partnership interest. *See* 2009 General Ledger (C.R. 204 - 206), Harbor Hospice Balance Sheet as of December 31, 2008 (C.R. 217 - 219), and Dated Amendment No. 4 dated November 10, 2011(C.R. 135 - 140). Appellees have failed to establish as a matter of law that Patel's cause of action accrued before June 15, 2008 or that Patel discovered, or in the exercise of reasonable diligence should have discovered the injury before June 15, 2008.

Apparently, the only additional document Appellees relied upon to establish that Patel discovered or should have in the exercise of reasonable diligence discovered the injury before June 15, 2010 is Patel's 2008 K-1. Appellees assert in the Amended Motion for Summary Judgment that since Patel received his K-1 sometime in 2009, his claims for conversion and theft are time barred. (C.R. 33). However, Appellees have failed to establish as a matter of law that Patel should

have known that his interest in Harbor Hospice was being taken from him as a result of a K-1.

Patel testified that:

> (i) he was shocked that Dr. Arfeen took his ownership interest away (C.R. 222); and

> (ii) he discovered he was no longer a partner in Harbor Hospice right before he retained his attorney (C.R. 96).

Furthermore, as explained above, if Harbor Hospice Managers, LLC terminated, forfeited or redeemed Patel's interest in Harbor Hospice, it would have been required to notify Patel pursuant to Section 12.2(b) of the Harbor Hospice Partnership Agreement. (C.R. 66 - 67). Harbor Hospice Managers, LLC failed to do so. Furthermore, Section 3.4 of the Harbor Hospice Partnership Agreement required Harbor Hospice to secure Patel's initials on Exhibit "A" to the Partnership Agreement if his partnership interest was changed or deleted. (C.R. 45). Section 13.4 of the Harbor Hospice Partnership Agreement clearly provides that no modification, waiver of termination of the Agreement shall be effective unless made in a writing signed by parties sought to be bound thereby. (C.R. 68).

Defendants failed to take any of these actions. These safeguards were in place to make sure that a limited partner would be placed on notice if his interest was changed or deleted. Patel could reasonably rely upon the Appellees to comply with the Partnership Agreement and provide him with the notice required under the

29

Partnership Agreement if his interest was taken from him in any manner. Attempting to slide information past Patel in a K-1 is certainly not sufficient under the Partnership Agreement or in light of the fiduciary nature of the parties' relationship.

It would have been reasonable for Patel to believe that unless he received the notice required under the Partnership Agreement and signed documents terminating or otherwise transferring his partnership interest, that he was still a limited partner and that no cause of action had yet accrued. After all, there is no summary judgment evidence suggesting that Patel ever signed a document transferring his interest in Harbor Hospice.

Finally, according to Dated Amendment 4 to the Partnership Agreement, executed November 10, 2011, the Appellees had not taken any action to take or transfer Patel's limited partnership interest until November 10, 2011. This is less than one year before Patel filed his lawsuit.

When one considers the requirements of the Harbor Hospice Partnership Agreement, the fiduciary nature of the parties' relationship, and Amendment 4 to the Partnership Agreement dated November 10, 2011, a fact issue clearly exists regarding whether or not Patel discovered or should have in the exercise of reasonable diligence discovered the injury before June 15, 2010. Patel never received the notification he was required to receive from the general partner, Patel

30

never received an amended Partnership Agreement, and Patel was never asked to sign a document stating that his partnership interest was taken away.

### 5. Appellees Failed to Conclusively Negate Patel's Affirmative Defense of Fraudulent Concealment.

The fraudulent concealment doctrine applies when a defendant makes fraudulent misrepresentations or, if under a duty to disclose, conceals facts from the plaintiff and thereby prevents the plaintiff from discovering the cause of action against the defendant. *See Santanna Natural Gas v. Hamon Operations*, 954 S.W.2d 885, 890-891 (Tex. App.--Austin 1997, pet. denied). As with the discovery rule, this doctrine tolls the statute of limitation until the fraud is discovered or could have been discovered with reasonable diligence. *See Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011). The elements of fraudulent concealment include the following: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. *See BP America Prod. Co. v. Marshall*, 342 S.W.3d 59, 67-69 (Tex. 2011). A breach of a fiduciary duty of disclosure is tantamount to concealment for purposes of the doctrine. *See Dernick Resources, Inc. v. Wilstein*, 312 S.W.3d 864, 878 (Tex. App.--Houston [1st Dist.] 2009, no pet.). Stated differently, silence constitutes fraudulent concealment when a defendant has a duty to disclose and its silence

31

prevents the plaintiff from discovering the injury. *See Haas v. George*, 71 S.W.3d 904, 913 (Tex. App.—Texarkana 2002, no pet.).

Appellees failed to present summary judgment evidence demonstrating that they ever informed Patel that his partnership interest was taken from him, or even conclusively demonstrating when it was taken away from him. Appellees concealed the fact that Patel's interest was transferred directly to Arfeen. (C.R. 126 - 129, 1353 - 140). Appellees were required pursuant to the Harbor Hospice Partnership Agreement to disclose this to Patel and did not do so. *See* Section 12.2(b) the Partnership Agreement (C.R. 66 - 67). Appellees were required to secure Patel's signature on any document transferring his interest to Arfeen but failed to do so (C.R. 45 and 68). This conduct violated the Partnership Agreement and was a breach of fiduciary duty. Instead, Appellees created two Amendment 4's in an effort to conceal the improper transfer to Arfeen. (C.R. 135 - 140 and 126 - 129). The documentary evidence in the record, coupled with Appellees failure to comply with the notice provisions of the Partnership Agreement, constitutes some evidence of fraudulent concealment. Appellees did not conclusively negate Patel's affirmative defense of fraudulent concealment as a matter of law.

**B.** **ISSUE TWO: The Trial Court Erred in Concluding that No Genuine Issue of Material Fact Exists on Any of Patel's Asserted Claims.**

32

**1. The trial court erred in granting summary judgment regarding Patel's breach of fiduciary duty claims because the summary judgment evidence raises questions of material fact.**

Appellees allege that their actions in wrongfully taking possession of Patel's limited partnership interest were appropriate under that Harbor Hospice Partnership Agreement. Appellees also allege that since their conduct was proper under the Partnership Agreement and under Texas law, there cannot be a breach of fiduciary duty claim. However, in order to support this argument, Appellees assume that Patel's partnership interest was terminated or redeemed by Harbor Hospice. (C.R. 33 -36). As explained above, a fact issue exists regarding whether Patel's partnership interest was redeemed, terminated, or transferred directly to Arfeen. (C.R. 204 - 206, 207, 208).

Appellees assert that the elements of a breach of fiduciary duty claim are (i) plaintiff and defendant had a fiduciary relationship, (ii) defendant breached this duty, (iii) this breach resulted in harm to plaintiff or benefit to defendant. *See Graham Morg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App. - Dallas 2010, no pet). (C.R. 33). Appellees allege that there is no requirement in law or in the Partnership Agreement that prevents them from rejecting Patel as their partner. (C.R. 35). Relying upon Section 10.2 of the Partnership Agreement (Expulsion/Termination Provision), Appellees assert that exercising a right under the Partnership Agreement is not a breach of fiduciary duty. (C.R. 30).

33

Apparently, Appellees asserted that there was no breach of fiduciary duty as a matter of law. However, the summary judgment evidence clearly demonstrates that Patel's partnership interest was not terminated in accordance with the terms of the Partnership Agreement, rather it was transferred directly to Arfeen. (C.R. 204 - 206, 207, 208). In light of this summary judgment evidence, Appellees' reliance upon Section 10.2 of the Partnership Agreement is misplaced and cannot support summary judgment.

Appellees assertion that they did not violate the terms of the Partnership Agreement is also incorrect. A cursory review of the Partnership Agreement shows that Appellees violated the following provisions:

(a) Section 3.4 requires all general partners and limited partners whose interest has changed to initial Exhibit "A". (C.R. 45). This did not occur. Section 3.4 is in place to protect a limited partner such as Patel to prevent his interest from being taken without his knowledge.

(b) Section 7.2(iii) prevents the general partner from amending the Harbor Hospice Partnership Agreement without the approval of the limited partners owning more than 50% of the aggregate limited partnership interest. (C.R. 51). Appellees wrongful transfer of Patel's Limited Partnership Interest to Arfeen violates this provision. Furthermore, the wrongful transfer was committed without informing Patel.

(c) Section 7.2(iv) prevents the general partner from permitting any assignment or transfer of any portion of the partnership agreement without the approval of the limited partners owning more than 50% of the aggregate limited partnership interest. (C.R. 51). Appellees wrongful transfer of Patel's Limited Partnership Interest violates this provision. Furthermore, the wrongful transfer was committed without informing Patel.

(d)     Section 8.1 prevents any limited partner from assigning any portion of his limited partnership interest without the prior written consent of all of the general partners. (C.R. 53 - 54). Furthermore, section 8.1 provides that any attempted assignment which is not permitted by Section 8.1 shall be automatically void and ineffective, except to the extent otherwise required by law. Appellees wrongful transfer of Patel's Limited Partnership Interest to Arfeen violates this provision. Furthermore, the wrongful transfer was committed without informing Patel.

(g)     Defendants failed to satisfy Section 8.5 and 10.2 as has been explained above.

(h)     Section 12.2(a)(iv) provides that the general partners shall not reduce the rights or interests, or enlarge the obligations, or the limited partners without the prior written consent of all of the limited partners. (C.R. 66). Appellees wrongful transfer of Patel's Limited Partnership Interest violates this provision. Furthermore, the wrongful transfer was committed without informing Patel.

(i)     Section 12.2(b) provides that the general partner shall promptly notify the limited partners of any such amendments. (C.R. 66). Appellees wrongful transfer of Patel's Limited Partnership Interest to Arfeen violates this provision. Furthermore, the wrongful transfer was committed without informing Patel.

(j)     Section 13.4 of the Harbor Hospice Partnership Agreement clearly provides that no modification, waiver of termination of the Agreement shall be effective unless made in a writing signed by parties sought to be bound thereby. (C.R. 68). Clearly, this did not occur.

Appellees have failed to establish that their conduct was proper under the Harbor Hospice Partnership Agreement.

Appellees concede that a partner's fiduciary duty includes: (i) a duty of loyalty to the concern, (ii) a duty of good faith, fairness and honesty in dealing with each other on matters pertaining to the partnership, (iii) duty of full disclosure

on all matters, (iv) accounting for partnership profits and property, and (v) refraining from competing or dealing with the partnership in a manner adverse to the partnership. (C.R. 34 at paragraph 28). Appellees violated their fiduciary duty to Patel by improperly transferring Patel's limited partnership interest to Arfeen, by failing to inform Patel of the same, and by failing to pay Patel any consideration for the limited partnership interest. (C.R. 96, 222, 223 and 235). Appellees have failed to establish as a matter of law that Appellees did not breach their fiduciary duty to Patel.

Appellees did not even suggest in their Amended Summary Judgment Motion that they were entitled to summary judgment if Patel's interest was transferred directly to Arfeen. On the record before court, Appellees failed to establish as a matter of law that Appellees did not breach their fiduciary duty to Patel.

### 2. The trial court erred in granting summary judgment regarding Patel's breach of breach of contract claim because the summary judgment evidence raises questions of material fact.

Appellees sought summary judgment regarding Patel's claim for breach of contract by asserting that Patel could not establish a genuine issue of material fact regarding the element of breach. (C.R. 36). Appellees again asserted that (i) they were entitled to terminate or expel Patel from Harbor Hospice pursuant to Section 10.2 of the Partnership Agreement (C.R. 36), and (ii) no provision of the Texas

Business Organizations Code prohibits partners from agreeing to expulsion provisions in a partnership agreement (C.R. 37). However, as explained above, a fact issue exists regarding whether Patel's partnership interest was redeemed, terminated, or transferred directly to Arfeen. (C.R. 204 - 206, 207, 208).

Clearly, if Patel's partnership interest was transferred directly to Arfeen, as evidenced by the documents in the summary judgment record, Appellees violated Sections 3.4, 7.2(iii), 7.2(iv), 8.1, 8.5, 10.2, 12.2(a)(iv), 12.2(b), and 13.4 of the Partnership Agreement. (C.R. 45, 51, 53-54, 66, and 68). It is also clear that if Patel's partnership interest was transferred directly to Arfeen, Section 10.2 of the Partnership Agreement does not apply. Substantial summary judgment evidence exists demonstrating that Patel's interest was transferred directly to Arfeen. (C.R. 204 - 206, 207, 208). Substantial summary judgment evidence also exists indicating that Appellees failed to inform Patel of the transfer and failed to pay Patel any consideration for the limited partnership interest. (C.R. 96, 222, 223 and 235). Therefore, a fact issue exists regarding Patel's claim for breach of contract.

### 3. The trial court erred in granting summary judgment regarding Patel's conversion claim because the summary judgment evidence raises questions of material fact.

Appellees sought summary judgment regarding Patel's claim for conversion by asserting that Patel could not establish a genuine issue of material fact as to whether expulsion was justified under Section 10.2 of the Partnership Agreement

37

and therefore termination of Patel's interest cannot constitute conversion (C.R. 38). In support of this Argument, Appellees claimed that Patel violated the Partnership Agreement and triggered Section 10.2 of the Partnership Agreement. (C.R. 38). Appellees also allege that they had every right to take control of Patel's shares. (C.R. 38). However, as explained above, a fact issue exists regarding whether Patel's partnership interest was redeemed, terminated, or transferred directly to Arfeen. (C.R. 204 - 206, 207, 208).

If Patel's partnership interest was transferred directly to Arfeen, Appellees violated Sections 3.4, 7.2(iii), 7.2(iv), 8.1, 8.5, 10.2, 12.2(a)(iv), 12.2(b), and 13.4 of the Partnership Agreement. (C.R. 45, 51, 53-54, 66, and 68). Further, if Patel's partnership interest was transferred directly to Arfeen, Section 10.2 of the Partnership Agreement does not apply.

Substantial summary judgment evidence exists demonstrating that Patel's interest was transferred directly to Arfeen. (C.R. 204 - 206, 207, 208). Substantial summary judgment evidence also exists indicating that Appellees failed to inform Patel of the transfer and failed to pay Patel any consideration for the limited partnership interest. (C.R. 96, 222, 223 and 235). Therefore, a fact issue exists regarding Patel's claim for conversion.

**4. The trial court erred in granting summary judgment regarding Patel's claim for Texas Theft Liability Act violations because the summary judgment evidence raises questions of material fact.**

Appellees sought summary judgment regarding Patel's claim for violations of the Texas Theft Liability Act by asserting that Patel could not establish a genuine issue of material fact as to whether expulsion was justified under Section 10.2 of the Partnership Agreement and therefore termination of Patel's interest cannot constitute theft (C.R. 38). In support of this Argument, Appellees claimed that Patel violated the Partnership Agreement and triggered Section 10.2 of the Partnership Agreement. (C.R. 38). Appellees also allege that had every right to take control of Patel's shares. (C.R. 38). However, as explained above, a fact issue exists regarding whether Patel's partnership interest was redeemed, terminated, or transferred directly to Arfeen. (C.R. 204 - 206, 207, 208).

As is set forth above, if Patel's partnership interest was transferred directly to Arfeen, Appellees violated Sections 3.4, 7.2(iii), 7.2(iv), 8.1, 8.5, 10.2, 12.2(a)(iv), 12.2(b), and 13.4 of the Partnership Agreement. (C.R. 45, 51, 53-54, 66, and 68). Additionally, if Patel's partnership interest was transferred directly to Arfeen, Section 10.2 of the Partnership Agreement does not apply.

Substantial summary judgment evidence exists demonstrating that Patel's interest was transferred directly to Arfeen. (C.R. 204 - 206, 207, 208). Substantial summary judgment evidence also exists that Appellees failed to inform Patel of the transfer and failed to pay Patel any consideration for the limited partnership

interest. (C.R. 96, 222, 223 and 235). Therefore, a fact issue clearly exists regarding Patel's claim for violations of the Texas Theft Liability Act.

**5. The trial court erred in granting summary judgment regarding Patel's claim for fraud because Appellees did not seek summary judgment regarding Patel's fraud claim.**

Appellees did not independently seek summary judgment regarding Patel's claim for fraud by non-disclosure in Appellees' Amended Motion for Summary Judgment. (C.R. 26-141). Appellees only sought summary judgment regarding Patel's fraud claim in the Amended Motion for Summary Judgment based upon the theory that (i) the fraud claim is barred by statute of limitations, and (ii) Patel did not suffer damages as a result of Patel's fraud claim. These arguments are without merit and are discussed elsewhere in this brief. It would be reversible error for the trial court to grant Appellees' Amended Motion for Summary Judgment independently regarding Patel's fraud claim because this relief was not requested in the Amended Motion for Summary Judgment. *See G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).

**C. ISSUE THREE: The Trial Court Erred in Concluding Appellees Conclusively Established that Patel Did Not Suffer Damages.**

Appellees alleged that Patel could not establish injury from any alleged cause of action. (C.R. 38 at paragraph 37). In fact, Appellees alleged that"[i]t is clear that the partnership agreement, the terms of which Plaintiff agreed to, provides that any partner who leaves the partnership, either voluntarily or through

40

expulsion, leaves with nothing more than his capital account." (C.R. 39). However, Patel did not leave the partnership voluntarily or though expulsion. There is no provision in the Partnership Agreement that provides Patel was entitled to nothing more than his capital account if his shares were improperly transferred directly to Arfeen. Pursuant to Sections 3.4, 8.1, and 13.4 of the Partnership Agreement of Harbor Hospice, the alleged transfer to Arfeen is void and that Patel is entitled to retain his limited partnership interest. (C.R. 42-88). Therefore, under the Partnership Agreement Patel is entitled to the return of his limited partnership interest in Harbor Hospice. Furthermore, since Arfeen and Arfeen Properties have wrongfully taken the distributions that Patel was entitled to, Patel is entitled a pro-rata share of the distributions made to Arfeen and/or Arfeen Properties since 2008 (financial amounts redacted pursuant to Order from the 58th District Court in *Chapman v. Arfeen, et. al.*)(C.R. 227 - 233). Arfeen wrongfully received a substantial amount of distributions and Arfeen Properties, LP wrongfully received an even greater amount of distributions that clearly belonged to Patel. Appellees Amended Motion for Summary Judgment did not address these claims at all.

Patel is also entitled to the value of his limited partnership interest under Texas law on the date it was improperly acquired by Arfeen.*See Qaddura v. Indo-European Foods, Inc.*, 141 S.W.3d 882, 888-890 (Tex. App. Dallas 2004); *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 775-776 (Tex. 2009);

41

*Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex. App. Texarkana 2004); *Groves v. Hanks*, 546 S.W.2d 638, 647 (Tex. Civ. App. Corpus Christi 1976); e.g. Business Organization's Code Section 152.602.. There is no provision in the Partnership Agreement of Harbor Hospice to the contrary. (C.R. 42 - 88). Appellees Amended Motion for Summary Judgment likewise did not address this claim at all.

Appellees also argued that if Patel's limited partnership interest was redeemed then the purchase price of his redeemed interest is limited to his capital account. First of all, Patel's interest was not redeemed (see above). Secondly, the Business Organization Code provides:

> . . . a partnership agreement governs the relations of the partners and between the partners and the partnership. **To the extent that the partnership agreement does not otherwise provide, this chapter and the other partnership provisions govern the relationship of the partners and between the partners and the partnership** Business Organization's Code Section 152.002(a)(*"emphasis added"*).

> . . . the redemption price of a withdrawn partner's partnership interest is the fair value of the interest on the date of withdrawal. Business Organization's Code Section 152.602(a).

Therefore, if Patel's limited partnership interest was redeemed, Section 8.5 of the Partnership Agreement would not apply because Appellees failed to provide Patel with 60 days notice as required. Since Appellees failed to comply with the terms of the partnership agreement, Texas law applies and Patel would be entitled to the fair value of his limited partnership interest pursuant to section 152.602(a) of the Business Organization's Code.

Finally, even if Section 8.5 of the Partnership Agreement applied, Patel is entitled to damages. Patel's K-1 for the year 2008 states that Patel received a distribution from Harbor Hospice in the amount of $28,575.00. (C.R. 141). However, the Harbor Hospice general ledger for the year 2008 does not reflect any distributions to Patel. (C.R. 234). Patel testified that he never received any money. (C.R. 223 and 235). Therefore, Appellees have wrongfully asserted that $28,575 was paid to Patel even though it was not. Clearly, this would increase Patel's capital account by $28,575. Once this inaccurate entry is removed from the K-1 of Patel, Patel's capital account balance would be $28,575. Therefore, even under Appellees' theory of damages, Patel would be entitled to at least $28,575 in damages. Appellees are unable to establish that there is no genuine issue of material fact regarding Patel's claim for damages.

**D. <u>ISSUE FOUR</u>: The Trial Court Erred in Granting Summary Judgment Because Appellees' Failed to Authenticate Any of Their Summary Judgment Evidence.**

Appellees failed to authenticate any of their summary judgment evidence. (C.R. 26 - 141). No affidavit was attached to Appelles' Amended Motion for Summary Judgment attempting to authenticate any of the summary judgment evidence. (C.R. 26 - 141). Accordingly, Appellees' summary judgment evidence was not authenticated and should not have been admissible as summary judgment evidence. *See Blanche v. First Nationwide Mortg. Corp*, 74 S.W.3d 444, 451

43

(Tex. App.--Dallas 2002, no pet.). Accordingly, the trial court erred in granting Appellees' Amended Motion for Summary Judgment.

**E. Conclusion**

It is clear that fact issues exist regarding Patel's claims for fraud, breach of contract, breach of fiduciary duty, conversion, for violations of the Texas Theft Liability Act, and for declaratory relief. The summary judgment evidence establishes fact issues regarding each of Patel's claims, Appellees' statute of limitations defense, Patel's fraudulent concealment defense, and Patel's claim for damages. The trial court's summary judgment ruling was unwarranted, improper and constitutes reversible error.

## PRAYER

For the reasons set forth herein, Appellant, Patel, respectfully requests pray that this Honorable Court reverse the summary judgment granted by the trial court in its entirety and remand this case to the trial court for a trial on the merits.

Respectfully submitted,

*/s/ Chris M. Portner*

Chris M. Portner
State Bar No.: 24007858
cportner@portnerbond.com
J. Trenton Bond
State Bar No.: 00785707
tbond@portnerbond.com
PORTNER ♦ BOND, PLLC
1905 Calder Avenue
Beaumont, Texas 77701
Telephone: (409) 838-4444
Facsimile:  (409) 554-0240


Anthony Malley, III
State Bar No.: 24041382
tony@mallaw.com
MALLEY LAW FIRM, PLLC
905 Orleans, Suite 110
Beaumont, Texas 77701
Telephone: (409) 212-8888
Facsimile:  (409) 212-8002

Jamie Matuska
MATUSKA LAW FIRM
State Bar No.: 24051062
jamie@matuskalaw.com
2809 Highway 69 North
Nederland, Texas 77627
Telephone: (409) 722-5600
Facsimile:  (409) 727-1290

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 12, 2015, a true and correct copy of the foregoing instrument was provided to all known counsel of record in accordance with the Texas Rules of Civil Procedure.

David Gaultney
MehaffyWeber, P.C.
823 Congress Avenue, Suite 200
Austin, Texas 78701

David E. Bernsen
Christine L. Stetson
Bernsen Law Firm
420 North MLK, Jr., Pkwy
Beaumont, Texas 77701

Glen W. Morgan
John Werner
Reaud, Morgan & Quinn, LLP
P.O. Box 26005
Beaumont, Texas 77720-6005

/s/ *Chris M. Portner*
Chris M. Portner

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e), it has been prepared in a conventional typeface no smaller than 14-point for text and no smaller than 12-point for footnotes.  This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i)(3) because it contains 7,034 words.

/s/ *Chris M. Portner*

Chris M. Portner

**NO. 13-15-00452- CV**

**IN THE THIRTEENTH COURT OF APPEALS**
**CORPUS CHRISTI-EDINBURG, TEXAS**

_____

**SANDEEP PATEL,**
*Appellant*

**v.**

**HARBOR HOSPICE OF BEAUMONT, L.P., ET AL,**
*Appellees*

_____

On Appeal from the 172nd Judicial District Court of Jefferson County, Texas
Trial Court Cause No. E-192,576
The Honorable Donald J. Floyd, Presiding

_____

**APPENDIX TO BRIEF OF APPELLANT**
_____

TAB

A      June 18, 2015 Order on Defendants' Amended Motion for Summary
Judgment

# TAB A

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/18/2015 2:29:33 PM
JAMIE SMITH
DISTRICT CLERK
E-192576

CAUSE NO.  E-192, 576

| | | |
|---|---|---|
| SANDEEP PATEL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| HARBOR HOSPICE OF | § | |
| BEAUMONT, L.P., ET AL | § | 172nd JUDICIAL DISTRICT COURT |

## ORDER ON
## DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT

On _____June 18th_____, 2015 the Court considered Qamar Arfeen, Harbor Hospice of Beaumont LP, Harbor Hospice Managers, LLC and Arfeen Properties, LLP's *Amended Motion for Summary Judgment*, and ORDERS that Defendants' Motion is in all things GRANTED.   Plaintiff's claims are dismissed in their entirety

All other relief not herein granted is expressly denied.   This Order is final and appealable.

SIGNED on this __18th__ day of __June__, 2015.


_____
JUDGE PRESIDING

255